# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:10-cr-00023 |
| v. | MEMORANDUM OPINION |
| CHARLES F. LINDAUER,<br>            *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the court upon the Government's request for restitution on behalf of "Vicky," a victim depicted in child pornography unlawfully possessed and transported by Defendant. On January 3, 2011, I committed Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 108 months, and I deferred the determination of restitution for a date "not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). I have considered the arguments, statements, and supporting documentation regarding restitution presented at the sentencing hearing and in the memoranda the parties have filed with the court, including the Government's supplemental filings in support of its request for restitution. For the reasons stated herein, I will grant the Government's request for restitution, and will order Defendant to pay restitution in the amount of $5,448.75.

### I.

Defendant pleaded guilty to both counts of an Information (docket no. 42) charging him with transporting child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). I

committed him to a term of imprisonment of 108 months for each count, to be served concurrently, followed by 20 years of supervised release for each count, to be served concurrently. I also imposed a $20,000.00 fine, with the caveat that the fine would be "abated to the extent this court orders restitution." *See* docket no. 81, JUDGMENT (January 5, 2011), page 6, "SCHEDULE OF PAYMENTS," subpart G. As I stated at sentencing, the reason I will abate the fine "to the extent that restitution is ordered" is because "it is more important, I think, that any victim receive restitution. . . ."

Defendant's plea agreement (docket no. 45) specifically acknowledges, "I understand restitution may be ordered," and further provides:

> I agree to pay restitution for the entire scope of my criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, I agree to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

The offense conduct in this case involved Defendant's use of a peer-to-peer file-sharing program preferred by child pornography traders because it included certain security features absent from many other commercially available file-sharing programs, requiring users to accept one another's request for access (a mutual consent process known colloquially as "friending") before access could be obtained. The screen name Defendant created for this program was "Forvicky," which by Defendant's admission specifically incorporated the name of the victim who presently seeks restitution. By using this screen name, other users, *i.e.*, Defendant's online "friends," were aware that he was interested in the "Vicky" child pornography series. The National Center for Missing and Exploited Children ("NCMEC") reviewed the child pornography recovered during the investigation of Defendant's case and identified numerous images from numerous series, including many "Vicky" files.

The plea agreement provided that Defendant could receive a decrease in his offense level for acceptance of responsibility. Defendant provided a letter to the probation office, stating, in pertinent part:

> Please accept this letter as my written acceptance of responsibility. I acknowledge that I am guilty of the offenses charged in the criminal information filed against me. I pled guilty to the two counts because I am guilty of those.
>
> * * *
>
> In addition, I would also like to apologize to the children portrayed on the images I viewed. I recognize now, through counseling, the harm caused to them and that they are victims of my offenses. I hope, one day, their wounds heal.

At his sentencing, Defendant stated that, since he had been arrested, he had been "able to get professional help." He apologized to "the victims in my crime, the children in the photos," adding that "words cannot describe how remorseful I am. I realize that they are not just images, but actual human beings. I am so sorry. I have prayed that their wounds may heal." At sentencing, I gave Defendant a three-level adjustment in his offense level for his acceptance of responsibility.

## II.

The Government has submitted a claim from an attorney representing "Vicky," seeking restitution in the amount of $348,652.83. The documentation in support of the claim presents a detailed accounting of serious harm caused to "Vicky" by the existence and dissemination of the child pornography in which she is depicted, and of various expenses her attorney contends she faces as a result of that harm.

When "Vicky" was ten and eleven years old (she is now a young adult), she was subjected to sexual abuse by her biological father, who produced video and still images of that abuse, and then distributed the movies and pictures on the Internet. Her father also prepared videos and still images of sexual abuse to "Vicky" as requested by others. He scripted videos and made her re-do a movie if

he was not satisfied with the depiction. In these movies and still images, he engaged in vaginal and anal intercourse and oral sex with her. He subjected her to bondage – for example, tying ropes to various parts of her body, including her breasts, and tying her to furniture. These child pornography images and videos of "Vicky" are "widely circulated across the internet." *United States v. Hicks*, 2009 WL 4110260, *1 (E.D. Va. November 24, 2009).[1]

Two victim impact statements written by "Vicky" and one written by her mother were read in open court at Defendant's sentencing. These and other victim impact statements were included in the Government's submissions to the court regarding restitution. The victim impact statements of "Vicky" indicate that, through notices she receives from the NCMEC, she learns about each defendant in a child pornography case who has had access to these images and videos of the abuse she suffered. She states that she has "a right to know who has the pictures," but that when she learns of a defendant having downloaded such images, it adds to and renews the abuse. She states: "Unlike other forms of exploitation, this one is never ending. [Every day,] people are trading and sharing videos of me as a little girl being raped in the most sadistic ways. . . . They are being entertained by my shame and pain." When these images and videos of her are downloaded, she

---

[1] As observed in *Hicks*,

> [t]he victim in this case . . . is the subject of a series of pornographic movies and photographs which have been widely circulated across the internet. These images depict Vicky's biological father sexually abusing her at the ages of 10 and 11 years old. The abuse initially went unreported, as Vicky kept her father's acts a secret for several years before disclosing them to her mother in late 2005. Authorities arrested her father and charged him for the acts later that year.
>
> In early 2006, Vicky discovered signs of pornographic material on a computer her father had made for her, and it was only then that local police discovered that her father had photographed and videotaped the abuse and saved the images on the computer. After her father posted bond and disappeared, Vicky's story appeared on "Americas Most Wanted." Upon viewing the episode, a police officer in Canada recognized Vicky as the subject of a heavily-downloaded series of child pornography known as the "Vicky series" that had been shared extensively across the internet. Though her father has since been arrested and

states, she is "exploited again," her "privacy is breached," and her "life feels less and less safe."

### III.

"Vicky" seeks compensation for the effect Defendant's criminal behavior has had on her life through restitution, which she seeks pursuant to the Mandatory Restitution for Sexual Exploitation of Children Act (the "Act"), 18 U.S.C. § 2259. I addressed this statute almost a year ago in *United States v. Church*, 701 F. Supp. 2d 814 (W.D. Va. 2010), a similar case involving a restitution claim from "Amy," the pseudonymous victim depicted in the "Misty" child pornography series. Here, for the reasons previously articulated at length in *Church*, where the defendant pleaded guilty to one count of possession of child pornography, I find that Defendant's offenses of possession and transportation of child pornography are offenses for which restitution is contemplated under 18 U.S.C. § 2259. And, for the same reasons I articulated in *Church*, I find that "Vicky" is a "victim" under 18 U.S.C. § 2259(c); upon consideration of the authorities discussed in *Church* and the documentation submitted by the Government in support of the claim for restitution, I find that the Government has carried its burden of proving, by a preponderance of the evidence, that "Vicky" is a "victim" of Defendant's offenses of possession and transportation of pornographic images of her as a child.[2]

---

sentenced to a term in prison, the widespread proliferation of the "Vicky series" continues today.

[2] Numerous other federal courts are in agreement with this result. *See e.g.*, *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011) ("Vicky" was a "victim" of defendant's possession of child pornography within the meaning of the Act); *United States v. Baxter*, 394 F. App'x 377 (9th Cir. 2010) ("Vicky is a victim of Baxter's crime," receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)); *United States v. Brannon*, 2011 WL 251168 (W.D. N.C. January 26, 2011) ("The Court determines (as it has done previously) that Vicky has been harmed as a result of the possession of her abuse images and therefore is a 'victim' within the meaning of section 2259."); *United States v. Chow*, ___ F. Supp. 2d ___, 2010 WL 5608794 (S.D. N.Y. November 22, 2010) ("Vicky," an individual depicted in child pornography images possessed by defendant, was a "victim" within the meaning of the mandatory restitution statute); *United States v. Monzel*, ___ F. Supp. 2d ___, 2010 WL 4261429 (D. D.C. October 22, 2010) (same); *United States v. Rowe*, 2010 WL 3522257 (W.D. N.C. September 7, 2010) ("Vicky is a 'victim' within the meaning of section 2259"); *United States v. Solsbury*, 727 F. Supp. 2d 789 (D. N.D. 2010) ("Vicky is a victim for purposes of § 2259" because she "was

In the instant restitution matter, as in *Church*, "causation between Defendant's offense and the measure of the victim's damages is the principal issue in dispute." *Church*, 701 F. Supp. 2d at 824. After a full discussion of the issue in *Church*, I held "that § 2259 requires that a victim's losses be proximately caused by the offense for which the Defendant was convicted to be recoverable in restitution."[3] *Id*. at 830. In *Church*, I found that the victim claiming restitution had "suffered

---

harmed by Solsbury's receipt and possession of child pornographic images"); *United States v. Strayer*, 2010 WL 2560466 (D. Neb. June 24, 2010) ("Vicky is a victim as defined in the statute who would be entitled to restitution. . . ."); *United States v. Aguirre*, 2010 WL 1328819 (E.D. Cal. April 2, 2010) ("Vicky" was a "victim" pursuant to the Act); *United States v. Patton*, 2010 WL 1006521 (D. Minn. March 16, 2010) (same); *United States v. Woods*, 689 F. Supp. 2d 1102 (N.D. Iowa 2010) ("It is abundantly clear to the court that Vicky has been, and continues to be, harmed by the idea and knowledge of individuals who receive and possess images depicting her abuse. It is equally clear that the emotional harm will likely require Vicky to undergo extensive counseling to cope with the harm done by her father and the subsequent dissemination of her images."); *United States v. Brunner*, 2010 WL 148433 (W.D. N.C. January 12, 2010) ("Vicky" was a "victim" under the Act); *United States v. Scheidt*, 2010 WL 144837 (E.D. Cal. January 11, 2010) (same); *United States v. Van Brackle*, 2009 WL 4928050 (N.D. Ga. December 17, 2009) (same); *United States v. Hicks*, 2009 WL 4110260 (E.D. Va. November 24, 2009) (same); *United States v. Berk*, 666 F. Supp. 2d 182 (D. Me. 2009) (same); *United States v. Ferenci*, 2009 WL 2579102 (E.D. Cal. August 19, 2009) (same); *United States v. Renga*, 2009 WL 2579103 (E.D. Cal. August 19, 2009) (same); *United States v. Monk*, 2009 WL 2567831 (E.D. Cal. August 18, 2009) (same); *United States v. Zane*, 20009 WL 2567832 (E.D. Cal. August 18, 2009).

[3] The following opinions from the courts of appeals have reached the conclusion that § 2259 requires proximate causation in order for losses to be recoverable through restitution: *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011); *United States v. Crandon*, 173 F.3d 122 (3d Cir. 1999); and *United States v. Laney*, 189 F.3d 954 (9th Cir. 1999). On March 29, 2011, the Government submitted its second supplemental authority (docket no. 88) in support of restitution, essentially pointing out that the United States Court of Appeals for the Fifth Circuit, in *In re Amy Unknown*, ___ F.3d ___, 2011 WL 988882 (5th Cir. March 22, 2011), on rehearing had reversed its earlier determination, in *In re Amy*, 591 F.3d 792, 794 (5th Cir. 2009), that "[s]ection 2259(b)(3) . . . arguably requires the government to establish that recoverable damages must proximately result from the offense." The district court in the Fifth Circuit case denied restitution because the Government had not proved specific losses that were proximately caused by the defendant's possession of two images of "Amy." *See In re Amy Unknown*, ___ F.3d at ___, 2011 WL 988882 at *6. *In re Amy Unknown* parses the language of § 2259 and finds that the proximate cause requirement is limited to what it describes as a "catchall" provision listed in § 2259(b)(3)(F) ("any other losses suffered by the victim as a proximate result of the offense"). *Id*. The Fifth Circuit stated that "[t]he evolution in victim's rights statutes demonstrates Congress's choice to abandon a global requirement of proximate causation," *id*., and remanded the case to the district court "to determine Amy's total harm and the fraction due to Paroline's crime." *Id*. at *9. Although the Fifth Circuit's analysis of the language of the statute may be ultimately be adopted as correct and appropriate, my present view, as discussed in *United States v. Church*, 701 F. Supp. 2d 814 (W.D. Va. 2010), is that proximate causation is required. In any event, "[i]n light of" the Fifth Circuit opinion, "the United States reiterates its position that ordering Lindauer to pay restitution is required by 18 U.S.C. § 2259," and I am granting the request for restitution as explained in this opinion.

tremendously as a victim of child pornography, and in particular that she suffers as a result of the fact that individuals receive and possess images of her abuse." *Id.* at 831. I reach the same conclusion here.

In *Church*, I further observed that

> the fact that the victim has suffered a harm as a result of the dissemination of these images is not the end of the inquiry for restitution purposes under § 2259. "[T]he court must consider whether the government has met its burden to establish the losses that Defendant proximately caused by his conduct." *United States v. Woods*, No. 09-cr-1012, 2010 WL 724194, at *7 (N.D. Iowa March 3, 2010); *see also* [*United States v.*] *Berk*, [666 F. Supp. 2d 182, 185 (D. Me. 2009),] 2009 WL 3451085, at *7 ("The difficulty lies in determining what portion of the [v]ictim's loss, if any, was proximately caused by the specific acts of this particular [d]efendant.").

701 F. Supp. 2d at 831. I concluded in *Church* that there was "'no evidence in the record as to what losses were caused by Defendant's possession of her images,'" and I awarded only nominal damages. *Id.* at 832 (quoting *Woods*, 2010 WL 724194, at *8).

In the instant case, however, the Government has met "its burden to prove, by a preponderance of the evidence, that some measure of damages was proximately caused by the offense for which the Defendant has been convicted." *Id.* Upon this evidence, I am able to make the requisite "explicit findings of fact" in support of my calculation of the victim's losses caused by Defendant's offense, as set forth in 18 U.S.C. § 2259(b)(3). *Id.* (citations omitted). "[W]here the Government is able to carry its burden of proving loss, an award of restitution under § 2259 is required where the Defendant is convicted of possessing" and transporting "pornographic images of the victim as a child." *Id.*

The documentation the Government submitted in this case, including the materials filed under seal, indicate that "Vicky" has been undergoing therapy. The evidence submitted by her attorney specific to this case indicates that, as of November 1, 2010, "Vicky" faced economic losses

of $108,975.00 in future counseling expenses.[4]  The amount of $5,448.75 in restitution represents five percent of those future counseling expenses.  Given that this amount is significantly less than the $20,000.00 fine imposed on Defendant, which will be abated by the amount of restitution, and that it is even more significantly less than the $150,000.00 civil remedy statutorily "deemed" in 18 U.S.C. § 2255(a), any due process concerns are resolved.[5]

## IV.

For the stated reasons, I will grant the Government's request for restitution, and Defendant will be ordered to pay restitution in the amount of $5,448.75 to "Vicky," a victim of the child pornography offenses to which Defendant pleaded guilty.  An amended judgment will be entered to reflect the award of restitution and, as I stated at Defendant's sentencing on January 3, 2011, and in the judgment entered against Defendant on January 5, 2011, the $20,000.00 fine imposed on

---

[4] Counsel for Vicky also claimed restitution based upon estimates regarding "vocationally related losses," "expenses paid in out of pocket costs," and attorney's fees.  However, the evidence presented in support of those claims is insufficiently specific for me to determine a portion of these losses, expenses, and fees that were proximately caused by Defendant's offense conduct.  As I stated in *Church*, 701 F. Supp. 2d at 833, I must "have a basis for making specific factual findings supporting a calculation of losses proximately caused by the Defendant's offense." (Citations omitted.)  "Restitution in a possession case is not necessarily arbitrary or speculative, and 'given more information' concerning losses proximately caused by Defendant's offense, 'a reasonable estimate may be possible.'" *Id.* (citation omitted).  I add that, "under circumstances where harm is done to the victim, some part of which was caused by the Defendant and some part of which was not, the burden is on the party seeking damages to prove, within a reasonable degree of certainty, the share of the harm for which the Defendant is responsible." *Id.* at n. 8 (citations omitted).  In *United States v. McDaniel*, Criminal Action No. 4:08-cr-26 (N.D. Ga. December 22, 2009), *aff'd*, *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011), evidence was taken indicating a range of $166,000.00 to $188,000.00 in future counseling expenses.  (Coincidentally, the date of that hearing in the United States District Court for the Northern District of Georgia, December 22, 2009, is the date cited for the occurrence of count one in the Information to which the instant Defendant, Charles F. Lindauer, pleaded guilty.)  Given the reduction between December 2009 and November 2010 in the amount sought for future counseling expenses, it would appear "within a reasonable degree of certainty" that the cost of future counseling expenses for which "Vicky" seeks restitution from Defendant has been reduced by the passage of time and the contribution of other defendants in other cases.

[5] I add that Defendant acknowledges the benefit he has obtained from counseling and, given his expression of remorse for the harm caused by his offense conduct, and his "hope" that his victims' "wounds" would "heal," it is fair to order that he pay restitution for a portion of the future counseling expenses for this victim, child pornography images of whom he affirmatively set out to possess and transport.

Defendant will be "abated to the extent this court orders restitution." *See* docket no. 81, page 6, "SCHEDULE OF PAYMENTS," subpart G.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  30th  day of March, 2011.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE